# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

            Plaintiff,   :   Case No. 1:06-cr-073

                    District Judge Susan J. Dlott
- vs -                   Magistrate Judge Michael R. Merz

MICHAEL JONES,

            Defendant.   :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on the filing of a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 67). The case has been referred to the undersigned by District Judge Dlott and is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Procedural History**

Mr. Jones was indicted by the grand jury for this District on June 7, 2016, for being a felon in possession of a firearm (Count 1), possession with intent to distribute cocaine based in an amount in excess of five grams (Count 2), possession with intent to distribute cocaine (Count 3), possession of a firearm while under indictment for a felony (Count 4), and carrying a firearm during and in relation to a drug trafficking offense (Count 5)(Indictment, ECF No. 3).

On September 22, 2006, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1 and 2 (ECF No. 35).  He actually pled guilty in fulfillment of that agreement and was sentenced to 120 months confinement on Count 1 and 2014 months on Count 2 to be served concurrently (Minute Entry, ECF No. 43; Judgment, ECF No. 45).  His conviction was affirmed on appeal.  *United States v. Jones,* Case No. 07-3205 (6th Cir. Jan. 29, 2009)(unreported; copy at ECF No. 58).  The Supreme Court of the United States denied his petition for writ of certiorari July 9, 2009 (ECF No. 64).  The instant Motion to Vacate was filed October 31, 2016.

# Analysis

After Jones pleaded guilty, he was referred to the United States Probation Department for preparation of a Presentence Investigation Report ("PSR")  At ¶ 35 of the PSR, the Probation Officer noted that a person is properly classified as a career offender under the Sentencing Guidelines if he has at least two prior felony convictions for a controlled substance offense.  The PSR concluded Jones had four such prior convictions, three for trafficking in cocaine and one for

2

packaging marijuana for distribution. *Id.* The Probation Officer calculated a Guideline Sentencing Range of 188 to 235 months and recommended a sentence of 120 months on Count 1 and 200 months concurrent on Count 2. *Id.*

In his Motion, Jones contends his "2008 conviction" was not for a drug trafficking offense (Motion, ECF No. 67, PageID 246). However, there is no 2008 conviction in the PSR. From elsewhere in the Motion, the Court gathers Mr. Jones is discussing his conviction for preparing marijuana for distribution, his conviction in 2000 (See ¶ 69 of the PSR). This was his conviction for preparing marijuana for distribution under Ohio Revised Code § 2925.03(A)(2).

U.S.S.G. § 4B1.1 provides for classification of a defendant as a career offender if, among other things, he has two prior felony convictions for a controlled substance offense. § 4B1.2 defines "controlled substance offense" as follows:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Mr. Jones argues that Ohio Revised Code § 2925.03 under which he was convicted "cannot categorically be a controlled substance offense because it criminalizes conduct that is not within the generic guidelines." He argues that "knowingly . . . prepare for shipment, ship, transport, or deliver" is broader than the controlled substance enhancement under § 4B1.1. (Motion, ECF No. 67, PageID 247). He relies on *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016), for its insistence that courts must use the "categorical" approach in applying the career offender guidelines.

Mr. Jones is not entitled to relief for a number of reasons.  First of all, *Mathis* did not change the law with respect to "generic" offenses, but reinforced what the Court had held in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  Second, the categorical approach does not apply to the definition of controlled substance offenses, but only to the "violent felony" offenses in § 4B1.1(a).  Finally, even if Jones' packaging marijuana conviction were eliminated, he still has three prior convictions for trafficking in cocaine which qualify as predicate offenses.

**Conclusion**

For all three of these reasons, the Magistrate Judge respectfully recommends that the Motion to Vacate be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 3, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).