# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 1:06-cr-073

                               District Judge Susan J. Dlott
- vs -                          Magistrate Judge Michael R. Merz

MICHAEL JONES,

           Defendant.    :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Defendants objections (captioned "Reply")(ECF No. 70) to the Magistrate Judge's Report and Recommendations (ECF No. 69).  As required by Fed. R. Civ. P. 72(b)(3), the Court reviews the objections de novo.

Mr. Jones was indicted by the grand jury for this District on four counts on June 7, 2006. On September 22, 2006, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1 and 2 (ECF No. 35).  He actually pled guilty in fulfillment of that agreement and was sentenced to 120 months confinement on Count 1 and 204 months on Count 2 to be served concurrently (Minute Entry, ECF No. 43; Judgment, ECF No. 45).  His conviction was affirmed on appeal.  *United States v. Jones,* Case No. 07-3205 (6th Cir. Jan. 29, 2009)(unreported; copy at ECF No. 58).  The Supreme Court of the United States denied his

1

petition for writ of certiorari July 9, 2009 (ECF No. 64).  He filed his Motion to Vacate  October 31, 2016.

After Mr. Jones pleaded guilty, he was referred to the United States Probation Department for preparation of a Presentence Investigation Report ("PSR")  At ¶ 35 of the PSR, the Probation Officer noted that a person is properly classified as a career offender under the Sentencing Guidelines if he has at least two prior felony convictions for a controlled substance offense.  The PSR concluded Jones had four such prior convictions, three for trafficking in cocaine and one for packaging marijuana for distribution. *Id.*  The Probation Officer calculated a Guideline Sentencing Range of 188 to 235 months and recommended a sentence of 120 months on Count 1 and 200 months concurrent on Count 2. *Id.*  The Court imposed the recommended sentence of 120 months on Count 1 and a concurrent sentence of 204 months on Count 2 (Judgment, ECF No. 45).

Mr. Jones' Motion to Vacate claims that he no longer qualifies as a career offender because of the holding in *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016).  Magistrate Judge Merz read Jones' Motion to Vacate only as claiming that his prior conviction for preparing marijuana for sale no longer counts as a qualified predicate offense for career offender purposes, but his objections make it clear he is claiming none of his prior drug offenses count (Reply, ECF No. 70, PageID 256).  Specifically, he claims Ohio Revised Code § 2925.03 sets forth different means of committing the offense of drug trafficking and not elements of different "divisible" crimes under *Mathis*. *Id.*  at PageID 257.

*Mathis* is not at all concerned with the question raised in this Motion to Vacate.  Rather, it sharpened the Supreme Court's analysis of what counts as a prior violent felony under the Armed Career Criminal Act ("ACCA").  Jones was not charged or sentenced under the ACCA,

2

but under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the ACCA. U.S.S.G. § 4B1.2(a). However, its definition of "controlled substance offense" is separate in § 4B1.2(b) which provides:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under this Guideline does not require comparing the elements of the offense with any "generic" controlled substance offense.

Jones relies on *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), where the court held that former Ohio Revised Code § 2925.03(A)(6) and (9) did not have as an element of the crime proof of intent to "manufacture, import, export, distribute, or dispense" a controlled substance, but merely prohibited possession of a controlled substance in certain quantities. 442 F.3d at 488. The Sixth Circuit was here following its own interpretation of § 4B1.2:

> Thus, under the Guidelines, simple possession -- that is, possession without the proof beyond a reasonable doubt of the requisite intent to "manufacture, import, export, distribute, or dispense" -- is not a controlled substance offense. See *United States v. Hernandez,* 218 F.3d 272, 278 (3d Cir. 2000); *United States v. Neal,* 27 F.3d 90, 92 (4th Cir. 1994); *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077-78 (9th Cir. 1999); *United States v. Kissick,* 69 F.3d 1048, 1053-54 (10th Cir. 1995) (collecting cases); *United States v. Gaitan,* 954 F.2d 1005, 1011 (5th Cir. 1992).

*Id.*

However, Jones' prior controlled substance convictions were not for mere possession. Rather, the PSR shows all of the convictions actually counted were for trafficking offenses: ¶ 69 shows his conviction in 2000 was for preparation of marijuana for sale; ¶ 77shows another 2000 conviction for cocaine trafficking; ¶ 82 shows a 2000 conviction for trafficking in cocaine; and ¶ 89 shows a 2003 conviction for cocaine trafficking. The prior version of Ohio Revised Code § 2925.03 at issue in Montanez was substantially re-written by S.B. 2 in 1996 and Jones was convicted under the newer version which does not penalize mere possession. The Probation Department clearly understood this distinction: the PSR did not count Jones' prior felony drug convictions which were for possession only. See ¶¶ 56, 68, 73, and 91. Thus *Montanez* does not disqualify any of the four prior felony drug trafficking offenses which were counted against Jones.

Even if *Montanez* were in point, Jones' claim under it would be barred by the one year statute of limitations imposed by 28 U.S.C. § 2255(f)(1). His conviction became final July 8, 2009, when the Supreme Court denied certiorari and he did not file the instant Motion until October 31, 2016. Mr. Jones claims the benefit of § 2255(f)(3), but that section is not applicable because *Mathis* did not recognize a new constitutional right and make it applicable retroactively on collateral review.

Jones next relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), but that case determines whether "delivering" a controlled substance under a particular Texas statute qualifies under the Guidelines. Similarly, *United States v. Rosales-Aguila*r, 818 F.3d 965 (9th Cir. 2016), a pre-*Mathis* decision, held that the statute under which the defendant was convicted in California did not categorically qualify because it permitted punishing transportation of a controlled substance for personal use.

4

Case: 1:06-cr-00073-SJD-MRM Doc #: 71 Filed: 11/30/16 Page: 5 of 5 PAGEID #: 271

Because Mr. Jones' objections are not well-taken, the Magistrate Judge's Report and Recommendations are ADOPTED and the Motion to Vacate is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 30, 2016.

                                                ___s/Susan J. Dlott_____
                                                              Susan J. Dlott
                                                    United States District Judge