# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|                  |     |                          |
|------------------|-----|--------------------------|
| Plaintiff,       | :   | Case No. 1:06-cr-073     |
|                  |     |                          |
|                  |     | District Judge Susan J. Dlott |
| - vs -           |     | Magistrate Judge Michael R. Merz |
| MICHAEL JONES,   |     |                          |
|                  |     |                          |
| Defendant.       | :   |                          |

---

# REPORT AND RECOMMENDATIONS

---

This criminal case is before the Court on Defendant's Petition for Writ of Error Coram Nobis (ECF No. 74). The matter is deemed referred to the Magistrate Judge under the prior Order referring Defendant's prior Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 68).

Ordinarily a petition for writ of error coram nobis would be required to be filed as a separate civil suit with an attendant filing fee. Since Defendant is incarcerated and therefore probably indigent, it would exalt form over substance to require a separate filing.

Although the writ of error *coram nobis* was abolished in federal practice by adoption of Rule 60 of the Federal Rules of Civil Procedure in 1938, it was resurrected by the Supreme Court in 1954 under the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502(1954). It is available to a petitioner to vacate a federal sentence or conviction only when a motion to vacate under 28 U.S.C. § 2255, the federal equivalent of habeas corpus, is not available to the

petitioner, generally because he or she has completely served the sentence and is no longer in custody. *Blanton v. United States,* 94 F.3d 227, 230 (6th Cir. 1996). *Coram nobis* is not available to persons still in custody, *United States v. Johnson,* 237 F.3d 751 (6th Cir. 2001), and *United States v. Monus*, 356 F.3d 714 (6th Cir. 2004). The writ of error *coram nobis* is available to federal prisoners only when their sentences have been completely served; it is not available to vacate a sentence which is presently being served. *United States v. Monus*, 356 F.3d 714 (6th Cir. 2004); *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir. 2001); *Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir. 1984),

Because Jones continues to serve his sentence in custody, his claim of ineffective assistance of trial counsel cannot be heard on a coram nobis petition. Instead, it is the sort of claim which must be heard on a motion to vacate under 28 U.S.C. § 2255. This Court cannot hear a second § 2255 motion from Jones unless he first obtains permission to file from the Sixth Circuit Court of Appeals.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition for Writ of Error Coram Nobis be dismissed without prejudice. The Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


April 18, 2018.


s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).