IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 1:06-cr-73 |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : **ORDER GRANTING IN PART AND** |
| MICHAEL JONES, | : **DENYING IN PART DEFENDANT'S** |
| | : **MOTION TO MODIFY BOND** |
| Defendant. | : |

This matter is before the Court on Defendant's Emergency Motion to Modify Bond Conditions (Doc. 105). The Government opposes Defendant's motion in part (Doc. 106). For the reasons set forth below, Defendant's Motion for Bond will be **GRANTED** as to his request to move to a new residence but **DENIED** as to his request to obtain employment.

In 2007, Defendant Michael Jones pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841. The Court committed him to the custody of the United States Bureau of Prisons for a total of 204 months followed by a five year term of supervised release. (Doc. 45 at PageID 122–24.)

On June 11, 2019, Jones began his term of supervised release. On March 4, 2020, West Chester, Ohio Police allegedly found Jones passed out in his car at approximately 4:00 a.m. In Jones' possession, Officers allegedly found three cell phones, $2,100 in cash, several baggies of prescription drugs, three to four baggies of cocaine, and a scale with white powder residue. He was charged in Butler County, Ohio with trafficking in drugs, among other charges, and released from custody.

The new charges in Butler County triggered an arrest warrant for violating his supervised release in this case. However, in lieu of surrendering to the United States Marshal as instructed, Jones informed his probation officer that he had tested positive for COVID-19 and was in quarantine. He then submitted paperwork later determined to be fraudulent in support of his untrue representation. (Doc. 96 at PageID 333.)

On May 5, 2020, Cincinnati, Ohio Police arrested Jones for allegedly trafficking in drugs. On May 28, 2020, a Hamilton County, Ohio grand jury indicted Jones on several felony counts related to the alleged drug trafficking and possession. He was arraigned and posted bond on those charges on June 19, 2020.

On June 22, 2020, Jones made his initial appearance on the revocation of his supervised release in this case. The Magistrate Judge ordered him detained. (Doc. 100.)

Jones then moved this Court for temporary release for the sole purposes of resolving his pending state criminal proceedings and obtaining knee surgery required "to prevent any further, permanent injury to his limb." (Motion for Bond, Doc. 102 at PageID 343.) Over the United States' objection, the Court granted Jones' Motion for Bond subject to explicit mandatory conditions. (Doc. 104.) Specifically, the Court required Jones to submit to home incarceration with location monitoring at his sister's residence and leave the home only for medical necessities, court appearances, and other activities specifically approved by the Court. (*Id.*)

Consistent with his ongoing poor decision-making, Jones has now worn out his welcome at his sister's home, and she has asked that he be permitted to move from her residence. (Doc. 105 at PageID 383.) Specifically, Jones has been entertaining visitors—including his now pregnant girlfriend—at his sister's relatively small home during the current COVID-19 pandemic, and his sister indicates she can no longer accommodate extra visitors. (*Id.*)

In addition, Jones requests permission to work as a tire technician while out on bond. Apparently, he has avoided the permanent limb damage he feared when requesting bond, and he is now able to perform manual labor.

Jones previously convinced the Court that his interest in resolving the pending state criminal charges against him and his pressing surgical needs constituted a "compelling reason" for his temporary release pursuant to 18 U.S.C. § 3142(i). As the Court recognized in granting his prior motion for bond, though, "the community will be protected only by imposing serious, mandatory conditions upon Jones' release." (Doc. 104 at PageID 381.) The Court's opinion has not changed.

The Court does not wish to punish Jones' sister for her attempt to help a family member. Thus, her request that Jones be permitted to leave her home is **GRANTED**.

However, the Court fears that permitting Jones to interact with the community via employment or travel to and from his place of employment will raise a serious risk of danger to the community and increase Jones' risk of flight. Therefore, his request to modify his bond conditions to obtain employment is **DENIED**.

Accordingly, Defendant's Emergency Motion to Modify Bond Conditions (Doc. 105) is **GRANTED** as to his request to move to another probation-approved residence but **DENIED** as to his request to be permitted to work. All other conditions enumerated in the Court's August 26, 2020 Order remain in full force and effect. If Jones is unable or unwilling to find another probation-approved residence, then his bond shall be revoked.

**IT IS SO ORDERED.**

*Susan J. Dlott*
Judge Susan J. Dlott
United States District Court